24-1907 Eastern Missouri, Eugene Perkins v. Derrick Frye All right, good morning. Mr. Wooten, we'll hear from you first. Hey, police and court, I'm Jermaine Wooten. I represent the plaintiff appellant Eugene Perkins. And Eugene Perkins, he's the father of Isaiah Perkins. Isaiah Perkins was a young man on July 20, 2017. He was driving his vehicle. This vehicle matched the description that involved an assault on law enforcement just a day prior. So consequently, he's in St. Louis City. He gets pulled over by St. Louis City PD. Unfortunately, he didn't pull over immediately. He continued to drive for another several minutes, ultimately crashing the vehicle. He and the passenger exited the vehicle. Police then chased him maybe another five minutes, where he found himself in the gangway at 6177 Laurel Avenue. And after running through the gangway, according to the defendant, Detective Frye, he noticed that Mr. Perkins had a firearm in his right hand. And ultimately, Mr. Perkins, in the gangway, he climbs a gate. He ran to a gate. There was a four-foot gate. He climbs the gate. According to Officer Frye, he had a gun. He pointed the gun. Ultimately, Officer Frye shot him. So consequently, following the shooting, we filed a wrongful death case in Missouri State Court. It was a simple petition, two-count petition for wrongful death and assault and battery. After receiving service, the defendants moved this case over to federal court. The case sat in federal court for several months. Ultimately, we requested that the case be dismissed. Then ultimately, we can call it Perkins 1, just for efficiency here. Perkins 1 was ultimately dismissed with the caveat, if we refile the case, there will be two conditions attached. One condition that the case be reassigned to the judge who dismissed the case, that was Judge Aldry, which made sense. If we refile the case in federal court, he's familiar with the case. He would want the case in his courtroom. And two, we would need to respond to defendant's summary judgment. So we did refile the case, but we refiled the case in state court. State court was the appropriate venue in this case, because we only had one claim. And that was a Missouri State law wrongful death claim. What was the basis for removal the first time? The basis, it was no basis. Then why didn't you challenge that? They're alleging in count number two, the assault and battery count, that we talked about excessive force being used. And because we put that language in there, we mentioned Fourth Amendment, Fourteenth Amendment, and excessive force. So the second count in the original complaint was a federal claim, and you took that out the second time? It was actually dismissed while it was still in federal court. They filed a motion to dismiss that particular count. It was dismissed, and we believe the case probably should have gone, that Perkins 1 should have gone over. Even though it was still based under state law. I'm sorry, go ahead. But it was still based under state law, but it just had federal language inside of it. Well, that's the thing. I mean, you took out your reference to the Fourteenth Amendment, but otherwise you still had what I would call Section 1983 buzzwords, like talking about acting under a color of law in your second complaint, the abuse of authority to seize Isaiah, and the use of excessive force, and all of those. I think maybe even the force falling below a standard of objective reasonableness. Did you think you really stripped out all of the language that seemed to raise federal concerns before you refiled? We thought the petition was stripped down enough that it did not have any federal claims. I guess I'm wondering, suppose somebody moved to dismiss this as a federal claim. I realize this is counterfactual, but suppose you thought that this did, in fact, raise a federal claim and somebody moved to dismiss it. Would it be dismissed as a federal claim, this language? Would this language be enough to prevail against a motion to dismiss? I apologize, Your Honor. I couldn't hear you. Okay. Oh, God. All right. My question is this. Suppose this second complaint, you had intended to make it a federal claim. Correct. I realize that's counterfactual. Right. And somebody, the defendant moved to dismiss on the ground that you failed to state such a claim. I think that would have been granted. Okay. Yeah, I think it would have been granted. And I think they would have had, if we had filed it. Put your 14th Amendment and all that back in there, is that it? Exactly. I think they could have actually removed the case over to state court saying, hey, we didn't have a federal claim in the case. All right.  And it was clearly our intent to make sure this case stayed in state court. Well, I agree. I mean, I'm content to believe that. But the question is whether you succeeded. Okay. But I think the court took the position, plain and simple, when Perkins 1 was dismissed, the court gave specific language meaning when it's refiled, the case needs to be assigned to the undersigned judge. Our position is the judge doesn't have the authority to say, I'm going to take up a state court case in federal court.  And I think that's, and at the time, we didn't have. Did they file a notice of removal, or was it just brought back based on this prior order of Judge Audrey? They filed a notice of removal alleging it was an excessive force. But even Judge Audrey took the position, no, I'm not saying it's excessive force. I'm saying because I issued that order, the case should actually come back over in federal court. And that was the district court's position. And we disagree with that. And I think you've read the briefs. I think even the Eighth Circuit and the Supreme Court, in royal canon, the Weschlager case was unequivocal in describing essentially what occurred here. That was a case where there was no, the case initially began, there was state law claims in the case. Weschlager amended her complaint. She took out all the federal claims. The case was then removed over to state court. Did you try to remand Perkins 1? We did not try to remand Perkins 1. Instead, we dismissed the claim. We were having issues with Mr. Perkins. He's deaf, and then he had a whole plethora of health issues. So we had to press pause on everything. So it was only plausible to dismiss the case, let his health come up to par so he can kind of participate in the litigation. And at the request of the client, he wanted the case dismissed, and he wanted us to resume things a bit later. And I hate to beat a dead horse, but under the, as it relates to the matter of, and I think the appellate raised a couple issues. First, they thought the district court may have had ancillary jurisdiction. And I think this court understands the sole purpose of ancillary jurisdiction is to promote judicial efficiency by allowing the court to resolve all related issues in one proceeding. That's assuming that there are federal claims within a complaint. Here, it's our position. We didn't have any federal claims. It was only one Missouri state law claim. It was a well-pled petition that was filed in Missouri state court. It should have never been removed over to federal court, but after being removed over to federal court, it actually should have been remanded and sent back over to state court. And then I think question number two is, did the district court have supplemental jurisdiction? And the answer, again, is no. I think the defendant slash appellee argues that the district court has supplemental jurisdiction in Perkins, too. But again, in the royal canon, USA versus Weschlager, the Supreme Court, and this was a unanimous decision this year, stated when a plaintiff amends its complaint to delete the federal law claims and enable removal to federal court, leaving only state law claims behind, the federal court loses supplemental jurisdiction over the state law claims, and the case must be remanded to state court. All right. Mr. Wooten, thank you very much. Your time has expired, so I think we'll move on and hear from the appellee. All right. Thanks a lot, Your Honor. Thank you, sir. Ms. Sandberg-Vosmeyer, we'll hear from you. Thank you, Chief Justice. May it please the Court. Rebecca Vosmeyer on behalf of Defendant Derek Frye. At counsel table with me is Jay Holliman. I want to address some of the topics that counsel just mentioned pertaining to the Perkins 1 complaint. Yeah, my question is, was Perkins 1 properly removed? Yes, Your Honor. That's our question. Let me finish. I mean, it looks to me like it's a state wrongful death claim and an assault and battery claim. I mean, there's no question it makes reference to the Fourth and Fourteenth Amendment, but other than passing reference, which I don't think is enough, it sure looks like a state case to me that probably should have been remanded. What am I missing? Well, our position is that not only in Perkins 1 did the plaintiff assert Fourth and Fourteenth Amendment, and that actually goes to what I was about to talk about, which is that that language was in the wrongful death count, not the assault and battery count, which is what plaintiff has been asserting. But our position is that they- Could you move that microphone closer? It's very hard to hear you.  Well, as Judge Arnold mentioned, the buzzwords that were included, which are under color of law, that he was seized, and that the objective reasonableness standard all implicate Fourth Amendment 1983 claims. That's in Perkins 2. No, that was- it's the same exact language. Okay, okay, but it had the amendments mentioned, right, in 1, Perkins 1? Correct, but it's essentially the same allegations. I understand, but there were specific references to amendments of the Constitution-  In the first complaint. Correct. Okay, thank you. And I just want to address Perkins 1 and what the court did, in fact, do pertaining to Rule 41A2 in the conditional dismissal. Because the court had the authority to authorize a conditional dismissal in this case, and Spry had, in fact, filed an answer, there was a motion for summary judgment pending. The plaintiff in this case requested in his 41A2 dismissal that the court grant the motion to dismiss and stay any response to the motion for summary judgment. The court did exactly that. The court interpreted what the plaintiff was requesting, granted the relief requested, and had no idea that the whole purpose of this was to try to get back into state court. So I guess I pose to the court, what does it take for a plaintiff to be able to- for a shop, essentially, here? You know, this had been going on in front of the federal court for 16 months. This had been litigated, discovery had been provided, and it got to the point where there was no communication, plaintiff was not providing discovery responses, the defendant was complying with the case management order, and a little less than 14 days after we filed our motion for summary judgment, plaintiff decided, oh, I'm going to try to get this dismissed again and move it to state court. I also want to address the fact that plaintiff never moved to amend the Perkins 1 complaint during the 16 months that it was in federal court. It is essentially the same nucleus of operative facts. It is- Plaintiff has attempted to characterize this as solely based in state law. And this court in Peters v. Union Pacific Railroad said that a plaintiff's characterization of a claim is based solely on state law, is not dispositive of whether federal question jurisdiction exists. And as we have laid out throughout our brief, the plaintiff uses the buzzwords, which under color of law, seizure, and objective reasonableness. But I thought Mr. Wooten just said Judge Autry didn't rely on that rationale in keeping the case the second time. He relied only on his order requiring that a refiled case be in his court. Is that true? I believe the whole point of that order was to stay the proceedings. So he still retained supplemental jurisdiction as it pertains to the wrongful death claim as he did previously. Well, that's not what he did. He didn't stay the case. He dismissed it. Well, he granted the plaintiff's relief, which was to stay the motion for summary judgment. And in his order, he explicitly says that he is going to- that plaintiff, should he refile, has to respond to the motion for summary judgment. Yeah, I know. I know. But I'm saying when they filed instead in state court, and I thought, I'm trying to understand whether Judge Autry then said, the reason it's properly brought back to federal court is my previous order. I believe that that is included in his motion for his order denying motion for remand. Because the buzzwords were removed in Perkins too, right? No, Your Honor. They were still there. It's the same exact buzzwords. Well, it depends what you mean by buzzword. I mean, the buzzword, U.S. Constitution was removed. Correct, but everything else was the same. Well, what authority would a U.S. district court have to order that a case be refiled in federal court, if it were really a state law claim? I think it goes to the authority provided within 41A2, and it gives the district court discretion in conditioning the dismissal upon certain conditions upon the plaintiff, or whoever is moving to dismiss. But is there any authority that would take, that would show that that authority under Rule 41 goes so far as to dictate the forum for a state law claim? I don't know if there is specific authority in this circuit that pertains to that. However, the issue that was raised in plaintiff's motion to dismiss was that he wasn't able to properly litigate the case at the time. Say, for example, the plaintiff had said, I want to dismiss this case so I can remove the federal question that's been raised here. That would be fair for the court to dismiss and not condition anything upon refiling. However, because the plaintiff here specifically requested that the motion for summary judgment response be stayed, and that never implicated that he was intending to remove the federal question, I think it shows that the court still retained jurisdiction over this case. And plaintiff, again, previously said, well, I removed the 4th and 14th Amendment language in Count 2. That's not accurate. The record reflects that the 4th and 14th Amendments were directly implicated in the wrongful death claim, which was still active. So I think we need to consider what kind of authority a district court judge has over a case that's been pending in front of it after it was properly removed, based on federal question jurisdiction, and it retains supplemental jurisdiction, whether or not the district court can in fact continue to retain that jurisdiction down the line when he grants a request to dismiss. I'm sorry, what's your supplemental jurisdiction point? Oh, the supplemental jurisdiction. The supplemental jurisdiction in this case... Does it really mean supplementary or does it mean ancillary? Well, there's the ancillary argument, which is the U.S. Supreme Court case... I understand. I'm sorry, but my question... Sorry, I want to return to my question. When the district judge referred to his supplemental jurisdiction as a reason for having a case, did he really mean that or did he mean ancillary? Well... The whole case, I mean. The supplemental jurisdiction would go to the state claims, wouldn't it? Correct, but... I don't understand. Well, anyway, sorry, go ahead. Yeah, no problem. So, when it comes to ancillary jurisdiction, our position is that under Rule 41A2, that the court was able to condition the dismissal... I understand. Yes. An ancillary jurisdiction authorizes the court to be able to retain that jurisdiction to enforce its orders. What do you mean when you say ancillary jurisdiction? I thought the Congress kind of did away with that and called it all supplemental now, but I want to make sure I understand what you mean by ancillary. No, I understand. It's kind of antiquated. What do you mean? Essentially supplemental. So you mean the same thing as supplemental? Yes. You don't mean to be specifying some other category or subcategory? No. Okay. My time is up. It is? Yeah. All right. Very well. Thank you for your argument. All right. I think you may have used all your time. We'll give you one minute for rebuttal if you'd like, but please keep to it. Okay. Or you're not required if you don't have... I think we'll rest on a breach, Your Honor. Very well. Okay. Thank you for your argument. Appreciate it. Thank you to both counsel. The case is submitted and the court will file a decision in due course. Thanks.